## HUGH COPENEY *v.* THE STATE.

1. PRACTICE — BILLS OF EXCEPTION.— On the trial of an accused charged with theft of a mare, a witness for the defendant was asked if he did not direct the accused to go and get the mare and bring her to him; which question was objected to by the State on the ground that the "witness had no right to direct the accused to steal the mare." When the objection was interposed the trial judge asked defendant's counsel: "Do you propose to prove that witness directed him to steal the mare?" The question to the witness was excluded, and to its exclusion an exception was taken, but no exception was then taken to the remark of the judge, though after conviction it was embodied in a bill of exceptions, and was assigned for error. *Held*, that such matters should be saved by exceptions properly taken at the time, otherwise this court will not reverse unless it be apparent that the accused was injured by the remark of the judge.

2. PRACTICE.— It is objectionable practice for a trial judge, in passing upon any question of law arising in a case, to make any remarks or inquiries, in the hearing of the jury, which might appear to be the expression of an opinion as to the facts.

APPEAL from the District Court of Colorado. Tried below before the Hon. EVERETT LEWIS.

A statement of facts is not necessary to an understanding of the opinion.

*W. S. Delaney*, for appellant.

*Horace Chilton*, Assistant Attorney General, for the State

WHITE, P. J. If the State's witnesses were to be believed there is no question of defendant's guilt — whether he was induced to retake the mare by Hines or not, and it made no difference if he took her for the purpose of securing Hines in case the latter should have to pay Mathews the price defendant agreed to pay the latter for her, and for which it is claimed Hines was security. If the defendant had sold her to Howard or traded her to

him, no supposed claim of Hines could justify him in stealing her from Howard in order to relieve Hines of his suretyship.

But there is, in addition to the direct and positive testimony, evidence of a negative character which totally deprives defendant of any show, even the slightest, of honesty of intention in the transaction. Though admitting that he took the mare to secure Hines, it seems never to have occurred to him that he should also have returned the horse and bridle to Howard, which the latter had given him in exchange for the mare. To have given to his conduct the semblance of honesty, he should have returned or proffered to return this horse and bridle also. This he did not do, and Howard testifies that he has never seen his horse and bridle since he made the trade with him.

There is but one matter apparent of record which calls for consideration, and that is a remark of the judge, which, though not excepted to at the time, is made to appear in the 3d bill of exceptions afterwards reserved by defendant's counsel. When defendant's witness Hines was being examined in chief, counsel "proposed to prove by him that before the night of the taking he had directed the defendant to go after the mare and bring her back to him, and defendant did so. State's counsel objected on the ground that witness had no right to direct defendant to steal the mare." When this objection was raised, the court asked defendant's counsel, "Do you propose to prove that witness directed him to steal the mare?" From the juxtaposition and similarity of the county attorney's objection with and to the question of the judge, we cannot say that the judge's question is liable to the objection that it assumed the fact that defendant stole the mare. Defendant's counsel should have excepted to the question or remark at the time, so as to have given the judge an opportunity of explaining to the

jury that no such assumption was meant or intended. This he did not do, as is shown by the bill of exceptions itself, which appears only to have been asked five days after the verdict and judgment. Our statute provides that, "In ruling upon the admissibility of evidence the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it be admissible. Nor shall he at any stage of the proceedings previous to return of verdict make any remark calculated to convey to the jury his opinion of the case." Code Crim. Proc. art. 729.

"So jealous are the courts of the right of trial by jury, in some of the States particularly, in criminal cases that an expression of opinion thrown out by the judge in the hearing of the jury, while deciding a question of law in the case, has been held ground for reversing the judgment. For it is evident that the opinion of the judge can be as effectively conveyed to the jury by expressing it in their hearing while ruling upon what purports to be a question of law, as by importing it in what purports to be a declaration of law framed for their guidance. It has been accordingly held that a judge has no more right to volunteer before the jury his opinion upon a material fact in controversy, while deciding a question of law on the trial, than he has to charge in respect to such fact. * * * Juries, particularly ignorant juries, watch with great eagerness any expression of opinion from the bench, and are very apt to follow it whether it is given in the form of an instruction to them or whether it falls from the lips of the judge as a casual remark. Hence in those courts where the province of the jury is jealously guarded, light or careless expressions of opinions upon the part of the judge which have a tendency to intimate to the jury his opinion upon the evidence have sometimes been held grounds for reversing the judgment." Charging the Jury (Thompson), §§ 53, 54.

We are of opinion that prompt objection and exception should be made and taken to all such remarks, so that the court may have an opportunity then and there to explain and do away with any such wrong impression on the part of the jury as may unintentionally have been made. We cannot see that defendant in this instance was injured by the question asked, though unquestionably it would have been as well if the court had omitted to ask it.

There is no error in the record requiring a reversal of the case, and the judgment is affirmed.

*Affirmed.*